UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE ALAMIA,

    Plaintiff,

v.   Case No.  8:21-cv-1407-CEH-AEP

POLK COUNTY JUVENILE BOOT
CAMP, REEVES, GALILEO,
THOMPSON, BLOCKER, BECK,
GREEN, THOMPSON, MCGRAW
and ALL DRILL INSTUCTORS-
SENIOR STAFF,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Civil Rights Complaint (Doc. 1), filed pursuant to 42 U.S.C. § 1983.  Upon review, *see* 28 USC § 1915A, Plaintiff's Complaint will be dismissed as time barred.

**I.**    **Legal Background**

    A.  Section 1915A

Pursuant to 28 U.S.C. § 1915A(a), federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed.  Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

A court is required to dismiss a complaint (or any portion thereof) if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

B. Section 1983

Plaintiff states that his claims against Defendants arise under Title 42 United States Code Section 1983. (Doc. 1 at 3). "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

II.   Analysis

Plaintiff, who is currently in the custody of the Florida Department of Corrections and housed at the Polk Correctional Institution, sues ten defendants in relation to his treatment while imprisoned at a Polk County juvenile boot camp

facility. However, the action is subject to dismissal because it is clear from the face of the Complaint that Plaintiff's claim is time-barred. *See* 28 U.S.C. § 1915A. *See Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990) (A federal court may *sua sponte* consider a statute of limitations defense in a § 1983 action if that defense is apparent from the face of the complaint.).

Section 1983 does not contain a statute of limitations, therefore, claims are "governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 1990); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Plaintiff alleges in his complaint that the events giving rise to his claims occurred during a nine-month period in 1999, which is more than four years before he filed this case in June 2021.

Accordingly, it is **ORDERED** that:

1. This case is **DISMISSED** as frivolous.
2. The Clerk of Court is directed to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on August 23, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
George Alamia, *pro se*
Counsel of Record